May it please the court, my name is Raquel Hecht. I would like to reserve three minutes of my time for rebuttal in this case. The key issue in this case is whether extrinsic evidence may be used in immigration proceedings to establish removability based on a conviction of a crime. It is well established that to show removability based on a criminal conviction, the categorical and modified categorical approach must be used. That was clearly the issue in the first appeal. And then there was a relay. And then things happened. And now we've got a second appeal. It would have been a nice simple issue the way you put it at the beginning, whether for the modified categorical approach you can introduce witnesses to say what the conviction was about. And that was the appeal that was before the BIA. And then there was a motion to remand. And then the case was remanded to the IJ. And then events transpired. And we have an appeal from that. Yes, Your Honor. And on the second appeal, that issue was again raised before the BIA. There was an issue as to whether Ms. Norman, the counsel at that time, had said that she was not challenging that before the immigration judge. However, a reading of what Ms. Norman said was the judge asked her, do you reserve that issue? And she said yes, quite clearly on the record. Well, she said some. She said she thought that issue was still pending before the BIA. And the judge said, no, it's not. I've got the whole case. And then he engaged in a dialogue with her in which he seems to have persuaded her to change her position. Your Honor, I would say that at best, Ms. Norman was confused as to he asked her whether he challenged, she challenged him on that issue. And she said, no, she doesn't challenge that. The first quest time that the judge asked her, she said she did wish to reserve that for appeal, the first sentence. And then when he continued to ask her, she wasn't sure whether he was asking her, did she challenge that on appeal, challenge his finding in the court? And she said, no, I do not challenge that issue. Her understanding was that it was an issue that was reserved for appeal. We did bring it up again on appeal in the second brief. It was argued both times. And then it's briefed to the BIA. The government did not assert that you had waived it in a second brief. That is when the government stated that we waived the. No, no, they didn't state we waived it in the second brief. In the second brief, didn't the INS just simply reassert the position of having the first brief? I believe that the base asserted that we had waived it only in the second brief, however, and then the BIA did not address the issue at all. Do you have a second brief? Yes. Because it would have only come up in the second brief. Yes, I know. Could you tell me what it says in the second brief? Respondents appeal brief. Yes. I correctly found responded. Your Honor, I apologize. You're right. It's not actually in this brief. It was only on appeal then to the to this court that that was right before the BIA. The INS did not assert that issue was withdrawn or waived, but it responded to it on the merits. Your Honor, you're correct. Thank you. All right. So there where are we now with this? As you see this issue before us, the appeal from that second hearing. Yes, Your Honor. One issue is whether that issue was withdrawn that you've been addressing. What what the rest of your issues? I believe the key issue here is whether the domestic a crime of domestic violence means whether the the immigration judge would look outside of the record of criminal proceedings in order to determine what that means. And the categorical and modified categorical approach have been used in many times when the immigration statute encompasses terms or conditions that are not specific elements of the underlying criminal conviction. For example, this court in Chang v. INS, the alien was convicted of fraud. And in order for him to be removable as an aggravated felon, there needs to be a showing of a ten thousand dollar amount. But that's not an element of the crime. That's something that's part of the immigration statute. But if the crime, if the record of the crime showed a guilty plea, for instance, to taking more than ten thousand, that would come in under the modified categorical approach. Yes, Your Honor. And it's the same here when you're looking at how where do you look to the record in order to determine the domestic relationship? It's part of the immigration statute. And it says in the first line of that statute, which is consistent with basically every other opinion from the BIA, the Ninth Circuit Supreme Court, that when you're convicted of a crime of domestic violence, which is the first line of that statute, you must look to the record of proceedings to find what that person has been convicted of. That's what Congress said. The second part of that statute then goes on to define what a domestic relationship would be. And that's in acknowledgement that you would not necessarily be convicted of a crime of domestic violence, that is, a domestic relation crime specific to that issue. Has the Seventh Circuit taken a different view of this? No, Your Honor. I would like to clarify the, is that the Sutherland or the Flores case, Your Honor? Flores. The Flores case, I would say that would be the closest that comes to discussing the issue. In the Flores case, the issue does not actually come up. It does say, and the concurring decision really does show that they mean it differently. But they discuss whether you're removable for committing a crime of domestic violence, whether that has to be an element of the offense. And it, the state, in Flores they state, substantial evidence independent of Flores' admission shows the victim was his wife. So they went outside the. It seems that they did. It's not directly addressed in that case. It does seem that that, in reading it. Isn't the logic of that, that when it comes to a crime of violence, we are directed to 18 U.S.C. 16, which tells us we look to statutory elements. Yes. Right? But under the immigration statute, we're directed to look at how the crime was committed. It tells us if it's, let me quote it. Crime of domestic violence is a crime of violence committed by a current or former spouse and so forth. It tells us to look to see how it was committed. Isn't that the distinction? We're not into the world of elements. We're into the world of what happened here. And that's why extrinsic evidence would be permitted. Isn't that the logic of the Seventh Circuit? It might be. The Seventh Circuit might have seen it that way, having actually addressed the issue on point. But I don't think that's the logic of how the statute is written. The statute is written, the first sentence says that you have to have a conviction for a crime of domestic violence. It then goes on in recognition. It understands that not all States have domestic violence laws. Well, why would Congress say in one place you look to the elements and in another place say you look to how it was committed? You would look to the record of criminal proceedings. It would not be an element necessarily of the offense for which you're convicted. And therefore, you would need to look. And the issue here really is where you would look to find that additional factor. And the argument is that in all of these statutes, when we've looked to these things, such as the $10,000, 30 grams of marijuana or more, single scheme of criminal misconduct, those are not elements of the offense themselves. But you have to look to the record of proceedings in order to determine. You don't have a separate fact-finding trial before the immigration judge to determine those facts. And I would like to point out that the argument makes sense from this perspective, because, one, I would argue that the statute clearly says that, that first sentence. Otherwise, it wouldn't be there. Secondly, it's consistent with all the other sentences. What first sentence are you referring to? I may be lost. In INA 237A2E, the first sentence says you're removable if you've been convicted of a crime of domestic violence. It doesn't say you're removable. It doesn't just say that second part, if you have a crime of violence that was committed by. But it defines a crime of domestic violence as any crime of violence as defined by Section 16 against the person committed by. Yes, but you still need to be convicted of that crime. That's still what you're convicted of. Of which crime? Because that suggests that the only convictions that will trigger this provision are convictions in those states that have defined separately as an offense, an act against someone who would be a domestic partner. No, Your Honor, it does not, because it does not need to be an element of the offense. And that's why it's such a complicated issue. You do not need to have. And that's why that second part of the statute is there, because they're defining who would be a protected person under that law. And you would need to look to the record of proceedings to show that. The question, I guess, comes down to when you have to be convicted of a crime against a person. Whether that must appear in the records of the crime, the judicial records, or whether you have a separate trial as to determine those things. Yes, Your Honor. Do you agree that it doesn't have to be a crime of beating a wife? It could be a crime of beating anyone. Yes, Your Honor. And you say you have to determine that you beat the wife in the court proceeding. Because if nobody ever told, instead in the trial, this happens to be his wife, then you wouldn't have been convicted of beating a wife. You would have been convicted of beating a person, but not of a wife. And the other view is you're convicted of beating a person, and you can prove separately in a trial before the immigration judge that the person you beat was your wife or your domestic partner. Okay, so that's the issue. I would argue that having that separate hearing is contrary to congressional attempt to streamline. It increases administrative burdens. This would promote uniformity. It avoids having immigration judges holding family court. There would be a lot of good reasons to adopt the view that they hear. Speaking of streamlining, streamlining has to be a case where it's clear that the issue has been resolved. It's simply an almost automatic affirmance because there's no complicated issue. If this were to be the first case in which there were a holding that you don't need the fact that it was a wife to be established in the court proceedings, but you can establish it separately, would that be an appropriate case for streamlining? Your Honor, I believe it was not appropriate for the BIA to streamline this or to form that opinion. However, I have looked at Ventura and Lopez and those line of cases. I think they had the opportunity to look at the legal issue, and they decided not to, and it would be appropriate for this court to review it. Do you know of both? Thank you. May it please the Court. I'm Jennifer Parker from the United States Department of Justice, and I represent the Attorney General in this matter. I'd first like to address the issue of waiver. It is the government's position that this petitioner did waive. Did you waive that position when you didn't take it before the BIA? Your Honor, that was the perspective that was not really addressed in our brief. However, I would like to – It was not really addressed? You mean you did not raise that issue before the BIA? Well, it does appear – and I took another look at it – it does appear that INS did not argue waiver. However, what I wanted to present was – So my question was, did you waive waiver? Well – I mean, you know, you want them to – hold them to a waiver when they don't raise an issue. Now, you go to the BIA. You don't assert that it was waived. You proceed and debate it on the merits, and they rule on the merits. So why haven't you waived that issue? It is a difficult position, given the INS's position in that second brief to the Board. The position that we did not really discuss in our brief is that when the petitioner requested a remand, the BIA lost jurisdiction of the case when they agreed to remand it back down for the adjustment hearing. So even though there was that verbal waiver on the record, it wasn't even required because there was no case before the BIA. The immigration judge was correct in saying there is no appeal pending. It's before me now. The BIA has no control over this. So that would be the initial waiver when they requested a remand, and it went back to the immigration judge on adjustment. They could have waited for the Board to determine the issues that they raised as far as the removal hearing. They didn't. They decided to go ahead and request an adjustment of status, so the Board got rid of the case. It went back to the immigration judge. So at that point, the Board has never ruled as far as their issues on the first appeal because the appeal was dropped. I don't know where that leads. However, I will concede that the INS did not raise waiver in its second – in the second appeal. It did not argue that this was waived. The government would argue that it was waived even without the waiver on the record because they dropped the appeal. However – Are you saying that while you're waiting for the BIA, which, as we know, sometimes takes years to decide cases, and you become eligible for other relief, that you lose your rights to appeal in case you're denied the other relief because you ask that it be remanded so you can apply for that other relief? It would appear so, Your Honor, because the Board has gotten rid of the case. They've never decided on the first issue. They remanded. They remanded on the adjustment issue. Does that mean that that's the end of the – they couldn't appeal it? They're supposed to deny the adjustment, you're saying, and then they can't again appeal? That's the government's argument, yes, Your Honor, that they could wait for the Board to go ahead and decide the issues on appeal and then apply for adjustment of status. And in this case, it's fairly clear that they did not believe they were going to win on those first issues because at the adjustment hearing, he did, in fact, admit that they had a domestic relationship, which was the big issue for the first appeal. The big issue from their standpoint is not whether he had it, but whether he was convicted of a crime against a person, whether that was part of what he was convicted of, not what her actual status was. Yes, Your Honor. I mean, that's their position. Yes, Your Honor. So even his acknowledging for other purposes that she was his paramour or whatever she was. Well, his cohabitant spouse. Yes, he was a cohabitant. His domestic partner. Okay. That wouldn't – the fact that he admits it under their theory of the law would not in any way detract from their appeal, which is that nothing that happened in court established that he was convicted of an offense against a cohabitant. Your Honor, and I realize my position is definitely harmed by the fact that the INS didn't raise waiver in its second brief. And, you know, if it had been done differently, then we would certainly have waiver. And I will concede that that harms our position. However, the government does argue that requesting a remand was in itself a waiver, and it was just verified on the record that she had – she was not – Well, it's a good point, but I really didn't understand. But, I mean, we get remands all the time, and it doesn't mean that people aren't going to be able to appeal. Well, the problem here, Your Honor, is the board never decided whether the issues on appeal the first time around. They never got a chance to look at those issues. But they wouldn't be. I don't understand. It can be argued. I don't want to waste your time. Yes, Your Honor. Because – Right. It's right. Let's assume we have a simple case where somebody said, okay, I don't want to wait five years to get my asylum claim decided because I'm eligible to come in because my mother's a citizen. So let's remand the case. Let's get that decided. If I lose there, why can't he then appeal his original case again? It's only to remand it so that you can – the board can look at – so the IJ can look at something else. Which is clearly what the IJ was trying to determine. Have you dropped these issues that you allegedly raised in the first case? You're saying that once you answer the remand, you've lost your case. Because the board has never – there's never been a final determination by the board on those issues because of the remand. That would be the argument, Your Honor, which I understand. All right. Well, let's get to the merits. Okay. On the merits. The condition, I assume, is that it's enough to show that the – before the IJ that he actually was a cohabitant or the lady was a cohabitant. Yes, Your Honor. And in this case, extrinsic evidence is certainly permissible. The statute is written such that any crime – any crime of violence is a crime of domestic violence. And what is the authority for that? I'll let you get back to your statutory argument. But what cases did you rely on? Well, I was primarily relying on Sutherland, which was a case in which the court said – Which court? I believe it was the Second Circuit. Second Circuit. Okay. But what BIA decisions are there? There are several BIA decisions. And our brief did not particularly address the board decisions. Unfortunately, I did not write the brief in this case, so I'm kind of stuck with what I've got. What the government would request in this case is that this court look at the intent of Congress. The intent of Congress was not to let these people off just because – Would that make it a proper case for streamlining? Well, it's – again, it's difficult to determine what the board exactly – I could interpret the streamlining decision as the board saying that this whole argument was waived the first time around, and all they're addressing is whether the victim could testify at the second 212H hearing. It was waived the first time around on which ground? By asking for the remand? By asking for the remand and by the verbal waiver on the record. So they may – and it's difficult to tell what the board was deciding. It's – I still don't – I don't believe – I do believe that this is appropriate for streamlining because the statute is very clear on its face. There is no ambiguity about – the first part of the statute says you look at the federal 16 U.S. – or 18 U.S.C. section 16. Any crime of violence is a domestic violence crime. The second part requires you to look beyond the statute to look at extrinsic evidence, and unfortunately in Oregon they did not put in their conviction documents that she was his partner or his domestic partner at any time. Congress's intent is certainly not to let these type of violent, scary offenders such as Petitioner off just because the Oregon statutes did not include the words domestic violence or domestic partner. In addition, these crimes were committed in 1996, which is long before the stalking type of harassment type of crimes were really becoming more – people were learning more about them, and so a lot of states have since changed their laws to include those specifically. Unfortunately at the time Oregon didn't have a separate statute to charge as a domestic violence crime. That's why Congress did not tie this to the state statute. Congress said you need to look at the relationship, and here it's clear that Petitioner himself knew what cohabitating meant. In the second hearing for unadjustment, he admitted, yes, yes, I understand what cohabitation means. We lived together for two and a half years. There was no ambiguity as far as Petitioner was concerned. See, I understood Ms. Peck's argument to be it doesn't have to be an element like these new statutes you're talking about now, but what you have to do is bring in the plea colloquy where the guy admits to the judge, I committed the crime of assault and the victim was the lady I was living with. That you have to bring in the preliminary hearing transcript or you bring in something else, but what you can't do according to her is bring in the victim herself to come to testify before the IJ. That's her argument. Yes, and I assume – I'm sorry, Your Honor. And it goes beyond that. If you bring in the victim who says, I lived with him for two years, and he wants to bring in three girlfriends who say, no, he wasn't living with her, he was living with me. I was there from September to August. Her story is just that of a jealous woman who wished she lived with me. Well, I would also – Is that trial to take place before the IJ? I would like to also point out that Petitioner's counsel on the record did admit – No, no, no, don't go to the waiver. No, no, no, Your Honor. I wasn't going to waiver. I was actually – But the legal question is, is it a – is that the – is it the forum? I mean, you can say yes, it's okay. Yes, I do believe that the – You believe that the place to determine what the relationship was is in a hearing before the IJ. Yes, Your Honor, absolutely. And each side would call witnesses on that question. Well, I also think you need to look at this hearing in particular. The immigration judge focused solely on did you live with the – did you cohabitate with this man? He didn't get into the facts of the crime. There was no extension of the hearing. It was not a reasonably extended – I know, but in order to decide which forum is proper, whether you are allowed to go beyond the court record and to determine it in a hearing before the IJ, we're not limited – we can't limit our opinion to just this case. It would be, can you bring in witnesses? Is this a place to determine that issue? Yes, Your Honor, it is. Or are you limited to moving on to court? You may – you know, you may not be limited to moving on to court, but I don't think we could – would you suggest we say only – you can only determine it if he admits it? No, Your Honor, I would say this is absolutely the place, and this is why Congress wrote the statute the way they did. They did not tie it to the state statute saying that it was a crime of domestic violence. They left it open for the immigration judge who – that is his purpose there is to determine, did these people live together? To deny – to say that this petitioner gets off because, you know, he was lucky enough that the state statute didn't say domestic violence or cohabitation, that goes beyond the intent of Congress as far as the statute. You started to say counsel stipulated something? Counsel did stipulate in the hearing that he did, in fact, live with her for, I think she said, for a long time or for many years, and the immigration judge then reminded her again, you've already admitted that he lived with her. She then began to say, you know, then it became an issue, well, maybe he didn't, he probably did, but he didn't live with her at the time of the commission. The immigration judge said, well, it doesn't matter if it was at the time of – it could be before the crime was committed. So there was an admission by his own counsel that he did, in fact, live with her. Then the immigration judge called the witness or the prosecution put on the witness and the immigration judge questioned her at that point. So you do have two – there are two separate things to look at, and it's counsel's own admission that he did, in fact, live with her for two and a half years. I realize that in their brief they argued that you can't go by counsel's admission. However, they did – you know, counsel conceded that it was a crime of violence and they're certainly willing – they've conceded that several times. Petitioner himself, that they're not relying on his testimony, they're relying on their own admission that, yes, he did commit a crime of violence within the federal statute. So the government would argue that you can also look at her own admission that he did, in fact, live with this woman for two and a half years prior to the crime. So that is not the only evidence. There is also evidence from Petitioner's counsel on this issue. Okay. Thank you very much. You're welcome. Just a few brief points. I would like to mention that it would be the first time that this court or the BIA – if a different – this other approach were taken. I would like to point out that Sutherland does not address the issue. The issues addressed there were whether it's a crime of violence and whether the categorical approach must be used there, and they say yes. Then the second issue they address is whether a stepdaughter is a protected person under the laws of Massachusetts, and they say yes, a stepdaughter would qualify. But the issue as to where you look to the record is not addressed in that case at all. I'd like to ask a question, follow up on something Judge Reinhart asked before. Suppose we find that this is – we have a Second Circuit case, we've got a Seventh Circuit case not definitively resolved. Maybe the case wasn't appropriate for streamlining at all, and it ought to go back and let the BIA deal with it before we deal with it again. What do you think of that? Well, I believe that this Court has the right or has jurisdiction to look at this issue now that the BIA has had two opportunities to look at it. Well, it didn't have two opportunities. The first time it didn't get to it because your client asked for a rematch. So at most it had one opportunity. Yes, Your Honor. And it decided to streamline, which Judge Silverman says, if that was the wrong decision, not on the merits, but the decision to streamline, then should we send it back or should we proceed to decide it? And the cases that address sending it back from the Ninth Circuit are only if the issue has not been raised before. If this issue was raised to the BIA and they decided not to address it. Well, no, no, that's not the question. That's the question of when you have to remand an issue that the BIA hasn't considered. The question Judge Silverman has is under the new streamlining approach where there are three or four conditions under which they can streamline. And one is that it's not a novel legal question. If we conclude it's a novel legal question and that it shouldn't have been streamlined, then he's asking do we then say, okay, it shouldn't have been, but they had their chance, so we're going to decide. Or do we say we send it back to you so that you can have three live BIA members instead of one consider the issue on the merits? Is that the question? Yeah. I could see why the BIA should have agreed, have looked at it because of that. And I do think that this court could have jurisdiction to decide it or could remand the case to ask them to look at it as well because it was not appropriate how they handled it. It didn't qualify for streamlining, as you say. Okay. You had a couple of other points you wanted to make. Yes. The only other. Did you want to comment on your opponent's statements of counsel conceded that she was a cohabitant and that's sufficient? Well, Your Honor, I do concede that in the record the judge asked, and that was in the context of a motion to terminate proceedings because the INS had originally filed asking whether, on the grounds of it being a crime involving moral turpitude within five years of admission, we filed a motion to terminate because there had been seven years actually since admission. The judge found that. But then he said, well, let me ask you this, counsel, is this a domestic relationship? And the judge also frequently says that counsel must answer all facts that are true. And so the response was yes, it was a domestic relationship, at which time the judge ordered the INS to file new charges. And that right there is one of the, it continued the case so that new charges under the domestic violence statute could be filed. That right there is a good example of why extrinsic evidence is a problem. Because the judge does not look to the record and he can ask any question. You have to appear before the judge, obviously, for the hearing. And then he can ask counsel any question about the facts of the case, which he does frequently. All right. Thank you, guys. Thank you. Thank you. Next case on the calendar is Fairview Judge Development v. Amberhill. Thank you.
judges: Reinhardt, Silverman, Clifton